IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10CV522-RJC-DSC

| | |
|---|---|
| JOEANNE SIDES,<br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>    Defendant. | )<br>)<br>)<br>)  **MEMORANDUM AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and "Memorandum in Support ..." (document #12), both filed April 14, 2011, and Defendant's "Motion for Summary Judgment" (document #15) and "Memorandum in Support..." (document #15-1), both filed July 11, 2011. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

**I. <u>PROCEDURAL HISTORY</u>**

Plaintiff filed her application for a period of disability and disability insurance benefits ("DIB") on February 27, 2007, alleging that she became disabled on February 1, 2002. Plaintiff's application was denied initially and on reconsideration. A hearing was held on June 17, 2009 (Tr. 8-57).

On October 19, 2009, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff benefits. (Tr.8-17). In his decision, the ALJ found that Plaintiff had not performed any substantial gainful activity from her alleged onset date of February 1, 2002 through the last date she was insured for benefits on December 31, 2004 (Tr. 13 at Finding 2).[1] The ALJ then found that during that period, Plaintiff had no severe impairment that significantly limited her ability to perform basic work-related activities (Tr. 13 at Finding 4). Accordingly, the ALJ found that Plaintiff was not disabled from her alleged onset date of February 1, 2002 through the last date she was insured for benefits. (Tr. 16 at finding 5).

On August 31, 2010, the Appeals Council denied the Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

Plaintiff filed the present action on October 19, 2010. On appeal, Plaintiff assigns error to the ALJ's decision that she did not have a severe impairment. "Memorandum in Support ..." at 8-14 (document #12). The parties' cross dispositive Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d

---

[1] To receive disability insurance benefits, a claimant must be insured for benefits when she becomes disabled. 20 C.F.R. § 404.131. Based on her earnings record, Plaintiff had to show that she was disabled on or before December 31, 2004, when she last met the DIB insured status requirement.

343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether the Plaintiff became "disabled" as that term of art is defined for Social Security purposes at any time prior her date last insured of December 31,

3

2004.² It is not enough for a claimant to show that she suffered from severe medical conditions or impairments which later became disabling. The subject medical conditions must have become disabling prior to the date last insured. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971) (no "manifest error in the record of the prior administrative proceedings" where Plaintiff's conditions did not become disabling until after the expiration of his insured status).

At the second step of the sequential evaluation process, the ALJ must determine whether the claimant's alleged impairments are severe. 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 404.1521. Basic work activities are "the abilities and aptitudes necessary to do most jobs," including:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521. The claimant has the burden of proving that her impairments significantly limit her ability to do basic work activities. 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled."); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) ("Through the fourth step [of the sequential evaluation process], the burden of production and proof is on the claimant"); Gross

---

²Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
  inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
  Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986) ("In order to qualify for disability benefits, an applicant must have an 'impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities.'") Moreover, for entitlement to disability insurance benefits, the claimant must prove that she was disabled when she was insured for benefits, which in this case was on or before December 31, 2004. 20 C.F.R. § 404.131. The ALJ found that Plaintiff had no severe impairment on or prior to that date that would significantly limit her ability to perform basic work-related activities.

Substantial evidence supports the ALJ's decision. Plaintiff failed to prove that she became disabled on or before the last date she was insured for benefits. See 20 C.F.R. § 404.131 (to receive disability insurance benefits, a claimant must be insured for benefits when she becomes disabled). Notably, although the administrative record in this case spans 677 pages, there are only 26 pages of medical records for the 35 month period from Plaintiff's alleged onset of disability on February 1, 2002 through the last date she was insured for benefits. (Tr. 217-223, 266-269, 273-279, 284-291). Most of plaintiff's evidence Plaintiff relates to the period after December 31, 2004, and is therefore largely irrelevant.

The evidence pertaining to the relevant period from February 1, 2002 through December 31, 2004 fails to establish any impairment that would significantly limit Plaintiff's ability to do basic work-related activities. Although Plaintiff complained of gastrointestinal discomfort in March 2002, her colon symptoms improved by June 2002 with fiber supplements, and her gastroesophaegal reflux was only "mild" (Tr. 217). Plaintiff had a skin growth removed on October 25, 2002 (Tr. 278-279). A complete skin exam on May 20, 2004 revealed no significant findings, and the doctor only recommended continued observation (Tr. 274). While Plaintiff complained of right elbow pain on January 22, 2004, her elbow had full range of motion with no instability (Tr.

266, 268). Her doctor assessed tennis elbow and prescribed exercises and an air cast (Tr. 266, 268). Her doctor instructed Plaintiff to follow up as necessary (Tr. 268), but there is no record of any follow up treatment. Finally, Plaintiff complained of heart palpitations on November 5, 2004 (Tr. 286), but a stress ECG showed no definitive ischemic changes (Tr. 290). Plaintiff was not seen again until 2007, at which point her heart rate was normal, she had no new symptoms, and was "doing quite well" (Tr. 293-294). In short, the evidence pertaining to the relevant period from February 1, 2002 through December 31, 2004 fails to establish any impairment that would significantly limit Plaintiff's ability to do basic work-related activities.

The ALJ considered other evidence dated both before (Tr. 15) and after (Tr. 16) the relevant period, but found that it also failed to prove the existence of a severe impairment during the relevant period. For example, the ALJ noted that although Plaintiff complained of hip and leg problems on April 6, 2006, she also reported that these problems "began several months ago," which is long after the expiration of Plaintiff's last day of coverage for benefits.

Plaintiff argues that the ALJ erred by failing to infer an onset date pursuant to Social Security Ruling (SSR) 83-20, 1983 WL 31249, and related cases. By its plain language, however, SSR 83-20 only applies when the ALJ finds the claimant disabled. SSR 83-20 ("In addition to determining that an individual is disabled, the decision maker must also establish the onset date of disability."). Thus, SSR 83-20 does not apply in this case because the ALJ found that Plaintiff was not disabled. There was no need to determine an onset date. See Greer v. Apfel, 205 F.3d 1333 (table), 2000 WL 139241, at *1 (4th Cir. 2000) (affirming ALJ's decision, which found that the claimant was not disabled and held that SSR 83-20 was inapplicable); King v. Astrue, No. 3:09-cv-493-RJC-DCK, 2010 WL 4977067, at *4 (W.D.N.C. Nov. 8, 2010) (rejecting the plaintiff's argument based on SSR 83-20 because "the ALJ found that Plaintiff was not disabled, and therefore was under no obligation

to determine an onset date of disability")³, aff'd 2010 WL 4975483. See also Klawinski v. Comm'r of Soc. Sec., 391 F. App'x 772, 776 (11th Cir. 2010) ("the ALJ did not contravene SSR 83-20 because the ALJ ultimately found that Klawinski was not disabled, and SSR 83-20 only required the ALJ to obtain a medical expert in certain instances to determine a disability onset date after a finding of disability"); Blair-Bain v. Astrue, 356 F. App'x 85, 88 (9th Cir. 2009) ("Because the ALJ found that Blair-Bain was not disabled prior to the last date insured, we have no cause to remand under SSR 83-20."); Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997) ("Since there was no finding that the claimant is disabled as a result of his mental impairment or any other impairments or combination thereof, no inquiry into onset date is required."); Eichstadt v. Astrue, 534 F.3d 663, 667 (7th Cir. 2008) ("The Commissioner reads SSR 83-20 as urging the ALJ to seek a medical examiner's opinion only after a finding of disability has been made. We give some deference to the Commissioner's interpretations, and we find this one to be entirely reasonable."). The cases that Plaintiff cites are inapposite because in both cases, the claimant was disabled, and thus it was necessary to determine an onset date. See Bailey v. Chater, 68 F.3d 75, 76 (4th Cir. 1995) (reviewing "the ALJ's decision to award benefits"); Manning v. Bowen, 717 F. Supp. 429, 430 (W.D. Va. 1989) ("It is undisputed that Manning suffers from acute schizophrenia which is currently disabling."). See also Creasy v. Astrue, No. 5:10CV00083, 2011 WL 1238032, at *3 (W.D. Va. Apr. 4, 2011) ("This court has consistently held that the rationale of *Bailey*, and Social Security Ruling 83-20, as cited therein, applies only after the issue of disability has been decided in the claimant's favor . . .").

Although the medical records establish that the Plaintiff experienced symptoms and mental and emotional difficulties to some extent or degree, as the Fourth Circuit has noted, it is the ALJ's

---

³ The Memorandum and Recommendation in *King*, 2010 WL 4977067, refers to SSR 80-20. This is a typographical error. It should refer to SSR 83-20. There is no SSR 80-20.

responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976). Moreover, the facts found by the ALJ clearly support the ultimate conclusion that Plaintiff did not suffer a "severe impairment" during the relevant time period.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of Plaintiff's alleged impairments and his ultimate determination that Plaintiff was not disabled.

## IV. <u>RECOMMENDATIONS</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #15) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363,

1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: July 12, 2011

David S. Cayer
United States Magistrate Judge