UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-522-RJC-DSC

| | |
|---|---|
| JOEANNE SIDES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff JoeAnne Sides's ("Plaintiff") Motion for Summary Judgment, (Doc. No. 11), Defendant, the Commissioner of the Social Security Administration, Michael Astrue's ("Defendant") Motion for Summary Judgment, (Doc. No. 15), the Magistrate Judge's Memorandum and Recommendation ("M&R"), recommending that the Court deny Plaintiff's motion, grant Defendant's motion, and affirm the Defendant's decision. (Doc. No. 16). Plaintiff filed a timely objection. (Doc. No. 17).

I.  STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d

44, 47 (4th Cir.1982).  Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations."  Id.

The M&R clearly articulates the standard of review in a Social Security appeal.  (Doc. No. 16 at 2-3).  This Court adopts the Magistrate Judge's account.

## II. BACKGROUND

The Claimant did not specifically object to the M&R's procedural history.  (Doc. No. 17).  Thus, the Court adopts the Magistrate Judge's statement of the procedural history in this case.

Plaintiff made three objections to the Magistrate Judge's legal conclusions.  (Doc. No. 17).  Initially, Plaintiff objects to the exceptional timeliness of the Magistrate Judge's M&R. (Id. at 2).  The Magistrate Judge entered his M&R one day after Defendant filed his motion. (Doc. Nos. 15; 16).  Plaintiff argues that this prevented her from filing a response.  (Doc. No. 17).  Plaintiff argues that she would have informed the Court that: (1) reliance on the small number of pages in the record devoted to her medical records would be improper,[1] and (2) "the Defendant engaged in *post hoc* rationalizations," to explain the Administrative Law Judge's ("ALJ") disregard for the testimony of Plaintiff and her husband.  (Id.).  Finally, Plaintiff argued that Social Security regulations should be liberally applied.  (Id. at 3).

## III. ANALYSIS

Any procedural error from the Magistrate Judge's swift justice was harmless.  This Court

---

[1] In his Motion for Summary Judgment, Defendant argued that "[n]otably, although the administrative record in this case spans 677 pages, there are only 26 pages of medical records for the 35 months [relevant to Plaintiff's claim]."  (Doc. No. 15-1 at 4).

2

must engage in a de novo review of those portions of the M&R to which Plaintiff objects. 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Plaintiff has fully explained his position to this Court and responded to Defendant's Motion for Summary Judgment through his objections. (Id.).

      A.     <u>Few Pages of Medical Records</u>

The ALJ did not base his decision on the meager number of pages devoted to Plaintiff's medical records. (Doc. No. 9-2 at 14-17). Substantial evidence supports the ALJ's decision that Plaintiff did not suffer a severe impairment during the relevant period. The ALJ recounted Plaintiff's medical history from 2002 through 2004 and evaluated the medical source opinions. (Id. at 16-17). The ALJ found that "there is no objective evidence of any severe impairment until well past her date last insured." (Id. at 17).

The Magistrate Judge also did not base his decision on the mere number of pages of medical records. (Doc. No. 16). The Magistrate Judge evaluated the content of the medical records and found that there was substantial evidence to support the ALJ's decision. (Id. at 5-6). Plaintiff's objection is overruled.

      B.     *Post-hoc* Rationalization of Credibility Determination

Plaintiff argues that "Defendant engaged in *post-hoc* rationalizations for the ALJ [sic] improper decision." (Doc. No. 17 at 2). It is unclear from this sentence what Plaintiff is contending that Defendant did. In the remainder of this paragraph, Plaintiff objected to the sufficiency of the ALJ's specific reasons for his credibility finding. (Id. at 3). The ALJ discounted Plaintiff, and her husband's testimony, because he found that "it is very difficult for anyone to remember remote everyday occurrences with preciseness which have happened that far in the past." (Doc. No. 9-2 at 17).

The Supreme Court barred *post-hoc* rationalizations where they amounted to judicial ventures into areas of agency discretion:

> If an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment. For purposes of affirming no less than reversing its orders, an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency.

SEC v. Chenery Corp., 318 U.S. 80, 88 (1943). Here, Defendant did not address the sufficiency of the ALJ's credibility determination. (Doc. No. 15-1). Therefore, the Court fails to see how Defendant has relied upon improper *post-hoc* rationalizations to explain the ALJ's credibility determination.

As to the ALJ's credibility determination itself, the reasons set out in the Notice of Decision were more than adequate. (Doc. No. 9-2 at 15-17). In addition to the ALJ's above observation about anyone's difficulty in remembering such remote events, he also noted Plaintiff's memory problems, (Id. at 15), and the contradiction between the testimony of Plaintiff, and her husband, and the objective medical records, (Id. at 16). These recitals satisfy SSR 96-7p's requirement that the ALJ set forth "specific reasons for the finding on credibility."

### C. Liberal Application of Regulations

Plaintiff's final objection is a conclusory statement of law divorced from any "specific error in the magistrate judge's proposed findings and recommendations," Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Plaintiff simply reminds the Court to liberally apply regulations and require Defendant to abide by them. (Doc. No. 17 at 3). This admonishment, inasmuch as it is an objection, is overruled.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Objections, (Doc. No. 17), are **OVERRULED**;

2. The Magistrate Judge's M&R, (Doc. No. 16), is **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**; and

4. Defendant's Motion for Summary Judgment, (Doc. No. 15), is **GRANTED**.

Signed: October 23, 2011

Robert J. Conrad, Jr.
Chief United States District Judge